IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RAYMOND WAYNE BREEDEN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3749

Opinion filed August 21, 2017.

An appeal from the Circuit Court for Duval County.
Mark Hulsey, Judge.

Diana L. Johnson of Johnson and Lufrano, P.A., Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.

WINOKUR, J.

    Appellant Raymond Wayne Breeden appeals his convictions and sentences for first-degree murder and armed burglary. Breeden has identified numerous improper comments the prosecutor made in voir dire, in cross-examining him, and

in closing argument. However, Breeden objected to none of these improper comments.[*]

"As a general rule, . . . failing to raise a contemporaneous objection when improper closing argument comments are made waives any claim concerning such comments for appellate review." *Brooks v. State*, 762 So. 2d 879, 898 (Fla. 2000). "The sole exception to the general rule is where the unobjected-to comments rise to the level of fundamental error, which has been defined as error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Id.* at 898-99 (quoting *McDonald v. State*, 743 So. 2d 501, 505 (Fla. 1999)). While many of the prosecutor's comments identified by Breeden were improper, after a careful review of the record, we find none of them meet the fundamental-error standard, either individually or cumulatively.

Affirmed.

OSTERHAUS and BILBREY, JJ., CONCUR.

---

[*] Breeden also identifies some prosecutorial comments to which he did object, but the trial court's rulings on those objections do not constitute reversible error.